ATTORNEYS FOR RELATOR
Peter J. Rusthoven
John R. Maley
Deborah Pollack-Milgate
Barnes & Thornburg LLP
Indianapolis, Indiana

ATTORNEYS FOR OPPOSING PARTY
INTERNATIONAL BUSINESS MACHINES
CORPORATION
Andrew H. Hull
Laurie E. Martin
Hoover Hull Turner LLP
Indianapolis, Indiana

Daniel R. Lombard
Quinn Emanuel Urquhart & Sullivan LLP
Chicago, Illinois

Steven Menashi
Jay P. Lefkowitz
Kirkland & Ellis LLP
New York, New York



FILED
Jul 05 2016, 10:51 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 49S00-1605-OR-294

STATE OF INDIANA, ACTING ON BEHALF OF
THE INDIANA FAMILY & SOCIAL SERVICES
ADMINISTRATION,

*Relator,*

v.

THE MARION SUPERIOR COURT AND
THE HON. DAVID J. DREYER, AS JUDGE THEREOF,

*Respondents.*

Original Action

**July 5, 2016**

**Per Curiam.**

After a bench trial and judgment in the underlying contract dispute, this Court reversed in part and remanded to the trial court with instructions to resolve remaining issues. State v. Int'l Bus. Machines Corp., 51 N.E.3d 150 (Ind. 2016). The Clerk certified that opinion on May 6, 2016. Later that day, the State moved for a change of judge under Indiana Trial Rule 76(C)(3) in the underlying case, No. 49D10-1005-PL-21451. The State soon filed this original action, seeking a writ compelling the trial court to vacate all orders issued in the underlying case since certification and grant its motion for change of judge. International Business Machines Corporation opposes that request and argues, among other things, that the State is not entitled to a change of judge.

This Court has exclusive, original jurisdiction to supervise the exercise of jurisdiction by other Indiana courts. *See* Ind. Const. art. 7, § 4; Ind. Original Action Rule 1. The Court's participating members have reviewed and discussed the filed materials. The Court's majority concludes the State is entitled to a change of judge. Accordingly, the Respondents, the Marion Superior Court and the Hon. David J. Dreyer, are ordered to vacate all orders issued in the underlying case on or after May 6, 2016, and to grant the change of judge. Judge Dreyer is prohibited from exercising jurisdiction in the underlying case except that necessary to comply with this opinion and effectuate the change of judge. This opinion is final and effective immediately; petitions for rehearing or motions to reconsider are not allowed. *See* Orig. Act. R. 5(C).[1]

Massa, J., not participating.

---

[1] Because the Court grants the writ based on the filed materials, it denies as moot the State's motion to file a reply in support of its petition for writ of mandamus and prohibition and its motion for a consolidated hearing with its petition for writ in aid of this Court's appellate jurisdiction.