

**FILED**

Dec 09 2020, 8:33 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Peter J. Rusthoven
John R. Maley
J. Curtis Greene
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Daniel R. Lombard
Chicago, Illinois

Andrew W. Hull
Jason L. Fulk
Indianapolis, Indiana

Paul D. Clement
Washington, DC

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Plaintiff/Defendant,*<br><br>v.<br><br>International Business Machines Corporation,<br>*Appellee-Defendant/Plaintiff.* | December 9, 2020<br><br>Court of Appeals Case No.<br>20A-PL-925<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Heather A. Welch, Judge<br><br>Trial Court Cause No.<br>49D01-1005-PL-21451 |

**Altice, Judge.**

**Case Summary**

[1]     Despite the complex history of this case, which has entered its second decade and culminated in this fourth appeal, the question before us is rather simple. Did the Supreme Court mean what it said when it expressly affirmed the trial court's 2017 final judgment *on all issues*? Or, as suggested by the State, did the Supreme Court carelessly use – three times in the Court's relatively short opinion – the "generic 'we affirm' statement", *Appellant's Reply Brief* at 11, and really intend to reverse the trial court's judgment regarding post-judgment interest and remand? The answer is clear. The Supreme Court affirmed the trial court's judgment in all respects, and the State's attempt to seek an additional award of over $4.3 million in post-judgment interest from International Business Machines Corporation (IBM) based on application of a novel calculation "on remand" is baseless.

[2]     We affirm.

**Facts & Procedural History**

[3]     Once again, an appeal from the "seemingly never-ending saga between the State and IBM" has come before us. *IBM v. State*, 112 N.E.3d 1088, 1092 (Ind. Ct. App. 2018), *summarily aff'd in part and vacated in part*, 124 N.E.3d 1187 (Ind. 2019), *modified on reh'g*, 131 N.E.3d 609 (Ind. 2019). A Cliffs Notes version of

the history of this case follows, drawn from the plethora of previous appellate opinions in this matter.

[4] In December 2006, the State of Indiana, acting on behalf of the Indiana Family and Social Services Administration, entered into a ten-year, $1.3 billion contract with IBM to modernize and improve the State's welfare system. Less than three years later, the State terminated the contract citing IBM performance issues. The parties, in 2010, separately sued each other for breach of contract in Marion County Superior Court, and the actions were consolidated.

[5] The trial court, Judge David Dreyer presiding, granted partial summary judgment in favor of IBM for $40 million in assignment fees.[1] Then, after a six-week bench trial in early 2012, the trial court entered final judgment on July 18, 2012, finding no material breach on IBM's part and awarding IBM additional damages from the State including, among other things, about $9.5 million in equipment fees. Both parties appealed and the appeal eventually made its way to our Supreme Court. In *State v. IBM*, 51 N.E.3d 150, 153 (Ind. 2016) (*IBM I*), the Supreme Court affirmed the award to IBM for assignment and equipment fees, totaling slightly over $49.5 million, but reversed other awards to IBM. The Court also reversed the trial court's finding that IBM did not materially breach the contract and remanded to the trial court to "determine the amount of

---

[1] While the first trial was pending, the State pursued an interlocutory appeal directly to the Supreme Court through emergency transfer concerning whether the Governor could be compelled to submit to a deposition. *See State v. IBM*, 964 N.E.2d 206 (Ind. 2012).

fees IBM is entitled to for Change Orders 119 and 133, and for calculation of the parties' damages consistent with this opinion, including any appropriate offsets to the State as a result of IBM's material breach of the [contract]." *Id*. at 168-69.

[6] After remand, the State sought and eventually obtained, by order of the Supreme Court, a change of judge.[2] Judge Heather Welch then presided and held a full-day hearing on damages and considered both pre- and post-hearing submissions. In sum, the State argued that it was entitled to over $173 million in damages and that the previously awarded $49.5 million in damages to IBM, which was upheld on appeal, along with a stipulated amount for change order fees, should be offset against the State's damages. Because IBM had no amount due after setoff, the State argued that IBM was entitled to no post-judgment interest. IBM, by contrast, claimed that it was entitled to post-judgment interest on the damages it was awarded in 2012 that were not disturbed on appeal.

[7] On August 4, 2017, the trial court issued its judgment on remand in an 83-page order. The court awarded the State $128 million in total damages and offset that amount by the damages due IBM, which totaled $49,821,891 for assignment fees, equipment fees, and change order fees. Relevant for our purposes, the trial court rejected IBM's request for post-judgment interest on the

---

[2] IBM opposed the change of judge and the trial court refused to grant it. Thus, the State filed an original action with the Supreme Court for a writ compelling the trial court to vacate all orders issued since certification of *IBM I* and to grant the motion for change of judge, which the Court granted. *State v. Marion Superior Court*, 54 N.E.3d 995 (Ind. 2016).

$49.5 million award dating back to 2012 and expressly determined that IBM was entitled to $0 in post-judgment interest. The State, on the other hand, was awarded post-judgment interest at an 8% annual rate on the net damages award of $78,178,109.

[8] Both parties again appealed, posing a combined five issues for review. This court affirmed the trial court's 2017 order in all respects except for the determination regarding post-judgment interest. *IBM*, 112 N.E.3d 1088. We concluded that IBM was entitled to post-judgment interest on the $49.5 million damages award entered in 2012, which had remained undisturbed on appeal, and we, therefore, reversed the trial court on this issue and remanded for calculation of the post-judgment interest due IBM based on the 2012 award. *Id.* at 1103.

[9] The Supreme Court granted transfer and addressed only the post-judgment interest issue, summarily affirming the other portions of our opinion. Specifically, in the beginning of its original opinion issued on June 26, 2019, the Court stated as follows:

> Today we address one of the issues raised: whether IBM is entitled to post-judgment interest on its $49.5 million damages award running from the date of the original judgment in 2012 or running from the judgment on remand. Finding that the original 2012 judgment was not "final," we hold that the post-judgment interest due to IBM runs from the judgment on remand. We summarily affirm the Court of Appeals on all other issues and affirm the trial court on all issues.

*IBM*, 124 N.E.3d at 1188.

[10] The Supreme Court expressly disagreed with our court's analysis regarding post-judgment interest because we relied on a case – *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524 (Ind. 2002) – that applied Ind. Code § 24-4.6-1-101, the default statute dealing with post-judgment interest, rather than Ind. Code § 34-13-1-6, which governs interest on money judgments against the State.[3] Applying the correct statute, the Court explained:

> Here, the relevant inquiry pursuant to Indiana Code section 34-13-1-6 is whether there was a final decree or judgment. A final judgment "disposes of all issues as to all parties thereby ending the particular case." *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003).
>
> At the time of remand, all the issues were not disposed of as this Court's opinion in *IBM I* did two things: 1) it reversed the trial court on the issue of whether IBM's breach of the [contract] was material; and 2) remanded to the trial court to calculate appropriate damages *as well as offsets*. While IBM wants us to consider its suit against the State separate and apart from State's suit, the two arise out of the same facts and circumstances and are inextricably tied. Case law is clear that a final judgment disposes of "all issues as to all parties." *Id*. (quoting Indiana Appellate Rule 2(H) (emphasis added). Not all the issues as to all parties were resolved at the time of remand and further, *what*

---

[3] I.C. § 34-13-1-6 provides:

Whenever, by final decree or judgment, a sum of money is adjudged to be due any person from the state, an execution shall not issue but the judgment shall draw interest at an annual rate of six percent (6%) from the date of the adjournment of the next ensuing session of the general assembly until an appropriation is made by law for the payment and the judgment is paid.

*was due and owed to IBM was necessarily contingent upon what damages were due the State for the breach. IBM could have recovered money from the State if the State's damage award was less than what was awarded to IBM or [the] IBM award could have simply been applied to offset what was owed to the State.* In *Beam*, we stated the rationale for awarding post-judgment interest as [o]f the date of the original judgment when it has not been reversed: it "compensates plaintiffs for the loss of money that has been determined to be have rightfully belonged to them throughout the time of the pending appeal." *Beam*, 765 N.E.2d at 534. *Here, there is no money that rightfully belonged to IBM as the amount awarded to it may have been and ultimately was, only an offset to what IBM owes the State.* Accordingly, looking at the statute, our case law and the facts of this case, post-judgment interest going back to the original judgment is inappropriate.

*Id*. at 1191 (emphases added).

The Court then concluded its opinion as follows: "We hold that the post-judgment interest due to IBM runs from the judgment on remand. We summarily affirm the Court of Appeals on all other issues and affirm the trial court on all issues." *Id*.

IBM sought rehearing on both damages and post-judgment interest issues. The State opposed the petition for rehearing in all respects. Regarding post-judgment interest, the State indicated that "[t]here is no reason whatever to disturb the Court's holding on this straightforward issue." *Appellee's Appendix Vol. 2* at 29. The State suggested, however, that the Court "may wish to clarify that [I.C. § 34-13-1-6]'s unambiguous terms do indeed control when IBM's judgment against the State will begin to 'draw interest.'" *Id*. The State noted

this case's "protracted, contentious history" and advised that clarifying that IBM's judgment did not start to draw interest until the adjournment of the 2018 legislative session would "forestall any effort to lift the Court's concluding statement from its statutory context" and "prevent yet further litigation and delay in a case that must come to a close." *Id.*

[13] On October 10, 2019, the Supreme Court granted rehearing in part and issued an order modifying the concluding paragraph of its opinion as follows:

> We hold that the post-judgment interest due to IBM ~~runs~~ <u>stems</u> from the judgment on remand. <u>Under Indiana Code section 34-13-1-6, the judgment "draw[s] interest at an annual rate of six percent (6%) from the date of the adjournment of the next ensuing session of the general assembly...." Following the judgment in this case on August 4, 2017, the next ensuing session of the General Assembly adjourned on March 14, 2018. Therefore, the post-judgment interest due to IBM runs from March 14, 2018.</u> We summarily affirm the Court of Appeals on all other issues and affirm the trial court on all issues.

*IBM*, 131 N.E.3d at 609-10 (additions indicated by underlined text and deletion denoted by stricken text). Contemporaneous with entry of this order, the Court filed its opinion on rehearing reflecting these limited changes. *See IBM v. State*, 138 N.E.3d 255, 259 (Ind. 2019). The opinion was certified on December 5, 2019.

[14] In the end, the clarification did not prevent further litigation. Rather, on December 18, 2019, the State filed a Verified Motion to Enter Final Judgment on Remand. The State argued that the Supreme Court did not "simply affirm

the 2017 Judgment's ruling on post-judgment interest" but instead devised a new calculation that required interest on the IBM and State judgments to be "calculated separately, based on the different statutes, interest rates and accrual dates" before any setoff. *Appellant's Appendix Vol. III* at 40. By the State's calculations, it was owed over $4 million in additional post-judgment interest.

[15] The parties extensively briefed the issue, and the trial court held a hearing on February 10, 2020. Thereafter, on March 9, 2020, the trial court issued an order denying the State's motion, finding that "the Supreme Court affirmed the [trial court's] original damages calculation, including the offset of damages prior to assessing post-judgment interest, and never explicitly remanded the case for further consideration." *Appellant's Appendix Vol. II* at 188-89. The State appeals from this order.

## Discussion & Decision

[16] Directly contrary to the position it stridently held for a number of years, the State now contends that the damage awards should be considered separately, with post-judgment interest calculated and added before any setoff. That is, the interest due the State should be based on its gross award of $128 million at a rate of 8% from August 4, 2017, and the interest due IBM should be based on its award of approximately $49.8 million at a rate of 6% from March 14, 2018. The State argues that this bifurcated interest determination is required by the Supreme Court's recent opinion on rehearing. We cannot agree.

[17] In her 2017 judgment, Judge Welch unambiguously determined that IBM was entitled to no post-judgment interest. This resulted from IBM's award being entirely offset by the State's greater award. The net amount was then entered as a final judgment in favor of the State with post-judgment interest accruing on that amount at 8% from August 4, 2017.

[18] The trial court's determination regarding post-judgment interest was considered on appeal, first in our court and then by the Supreme Court. In fact, the only issue that the Supreme Court chose to address on transfer was interest, summarily affirming the other portions of this court's opinion. Ultimately, the Supreme Court expressly affirmed the trial court. Leaving little doubt in its affirmance, the Court stated three times that it "affirm[ed] the trial court on all issues." *IBM*, 138 N.E.3d at 256, 257, 259.

[19] The gist of the State's appeal is that the Supreme Court, in actuality, reversed the trial court on this issue and remanded. This can't be so. A plain reading of the Supreme Court's opinion, and the trial court's order which was affirmed, indicates that no post-judgment interest was due IBM because its damage award was zeroed out by the setoff. Indeed, the Court recognized that "what was due and owed to IBM was necessarily contingent upon what damages were due the State for the breach." *Id*. at 259. Because IBM's award was less than what was awarded to the State in the 2017 order, IBM's award was simply applied to offset what was owed to the State. To be clear, "there is no money that rightfully belonged to IBM as the amount awarded to it … was, only an offset to what IBM owes the State." *Id*.

[20] The Court reiterated that the rationale for awarding post-judgment interest is that "it 'compensates plaintiffs for the loss of money that has been determined to be have rightfully belonged to them ….'" *Id*. (quoting *Beam*, 765 N.E.2d at 534). As of entry of the 2017 judgment, the only party that had money owed to it was the State in the amount of $78,178,109 with post-judgment interest accruing at 8%.

[21] The modification made by the Supreme Court to the concluding paragraph of its 2019 opinion did not alter the fact that the trial court's judgment in favor of the State and award of post-judgment interest was affirmed in its entirety. As discussed above, there was no judgment due IBM and, thus, no post-judgment interest on IBM's offset award. The clarification, which did not disturb the Court's holding on this straightforward issue, simply made clear that any money judgment due IBM from the State – of which there was none – would draw interest, pursuant to I.C. § 34-13-1-6, at a rate of 6% from the adjournment of the next ensuing session of the general assembly following entry of judgment. In this case, that date would be March 14, 2018. Without the clarification, the Court's conclusion appeared to indicate, incorrectly, that the date would be the date of the judgment, August 4, 2017.[4] The Court's understandable effort to avoid any erroneous implication regarding the applicable date from which interest runs on judgments against the State has,

---

[4] The date was relevant in the context of the issue being reviewed by the Supreme Court because IBM had argued, and this court had held, that post-judgment interest on IBM's award ran from the 2012 judgment.

unfortunately, led to a remarkable misinterpretation by the State and continuation of litigation that should have long since ended. The trial court properly denied the State's Verified Motion to Enter Final Judgment on Remand.

[22] Judgment affirmed.

Riley, J. and May, J., concur.